```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/20/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA     :     SEALED INFORMATION

    - v. -     :     16 Cr. __

MICHAEL MACIOCIO,     :

    Defendant.     :     **16 CRIM 351**

- - - - - - - - - - - - - - - - - x

### COUNT ONE
(Conspiracy to Commit Securities Fraud)

The United States Attorney charges:

#### Relevant Entities and Individuals

1. At all times relevant to this Information, a pharmaceutical company (the "Pharma Company") was headquartered in New York, New York.

2. At all times relevant to this Information, MICHAEL MACIOCIO, the defendant, was employed by the Pharma Company as a Master Planner in the Active Pharmaceutical Ingredient Supply Chain Group, a position in which he was tasked with evaluating manufacturing demands and capacity within the Pharma Company.

3. At all times relevant to this Information, Ardea Biosciences, Inc. ("Ardea") was a biotechnology and drug development company headquartered in California. Ardea's securities traded under the symbol "RDEA" on the New York Stock Exchange ("NYSE").

4. At all times relevant to this Information, Furiex Pharmaceuticals, Inc. ("Furiex") was a drug development company headquartered in New York, New York. Furiex's securities traded under the symbol "FURX" on the NYSE.

5. At all times relevant to this Information, Medivation, Inc. ("Medivation") was a biopharmaceutical company headquartered in California. Medivation's securities traded under the symbol "MDVN" on the National Association of Securities Dealers Automated Quotations ("NASDAQ").

## The Insider Trading Scheme

6. From in or about May 2008 through in or about April 2014, MICHAEL MACIOCIO, the defendant, acquired material non-public information ("MNPI") as part of his employment at the Pharma Company concerning potential acquisitions being considered by the Pharma Company. Typically, MACIOCIO was not provided with the identity of the potential acquisition target or specific drug at issue. Rather, MACIOCIO was provided certain information relevant to his evaluation of manufacturing capacity planning, including, among other things, the drug indication and stage of development. MACIOCIO then used this information to perform research to discern the identity of the potential acquisition target, sometimes in consultation with his stock broker, a co-conspirator not named as a defendant herein ("CC-1"). After identifying the potential acquisition target,

MACIOCIO then made and caused CC-1 to make trades on the basis of the MNPI in brokerage accounts belonging to MACIOCIO and others, including trades in, Medivation, Ardea and Furiex, among others. Trades executed by CC-1 traveled by wire communication over computer servers located in New York, New York.

## Statutory Allegations

7. From in or about May 2008 through in or about April 2014, in the Southern District of New York and elsewhere, MICHAEL MACIOCIO, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

### Object of the Conspiracy

8. It was a part and object of the conspiracy that MICHAEL MACIOCIO, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices,

schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons.

## Overt Acts

9. In furtherance of the conspiracy, and to effect the illegal object thereof, MICHAEL MACIOCIO, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a. In or about May 2008, MACIOCIO spoke with another employee of Pharma Company ("Employee-1") regarding Pharma Company's interest in acquiring a company that manufactured a drug to treat Alzheimer's disease.

   b. On or about August 13, 2008, MACIOCIO purchased approximately 500 shares of Medivation.

   c. In or about June 2010, MACIOCIO spoke with Employee-1 regarding Pharma Company's interest in acquiring a company that manufactured a drug to treat gout.

   d. Shortly thereafter, also in or about the summer of 2010, MACIOCIO called CC-1 to discuss Pharma Company's interest in acquiring a company that manufactured a drug to

treat gout.

e.   In or about July 2010, MACIOCIO called CC-1 with directions to purchase shares of Ardea.

f.   In or about late March 2014, MACIOCIO spoke with Employee-1 regarding Pharma Company's interest in acquiring a company that manufactured a drug to treat irritable bowel syndrome.

g.   In or about late March 2014, MACIOCIO called CC-1 with directions to purchase shares of Furiex.

h.   On or about April 15, 2014, MACIOCIO directed CC-1 to purchase additional shares of Furiex, after having received an email message from Employee-1 indicating that Pharma Company had internally approved the submission of a bid to acquire Furiex.

i.   On or about April 25, 2014, after learning from another Pharma Company Employee ("Employee-2") that certain information reduced the likelihood that Pharma Company would acquire Furiex, MACIOCIO called CC-1 and relayed the additional information.

j.   On or about April 28, 2014, following the public announcement that another pharmaceutical company had entered into a merger agreement with Furiex, MACIOCIO called CC-1 with directions to sell MACIOCIO's Furiex shares.

(Title 18, United States Code, Section 371; Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5.)

## COUNT TWO
### (Conspiracy to Commit Wire Fraud)

The United States Attorney further charges:

10. The allegations contained in Paragraphs 1 through 6 and 9 of this Information are repeated and realleged as though fully set forth herein.

11. From in or about May 2008 through in or about April 2014, in the Southern District of New York and elsewhere, MICHAEL MACIOCIO, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States of America, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

12. It was a part and an object of the conspiracy that MICHAEL MACIOCIO, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of

6

Title 18, United States Code, Section 1343, to wit, MACIOCIO and others conspired to defraud the Pharma Company of valuable confidential business information by deceptively converting that information to their own use in breach of fiduciary and other duties owed to the Pharma Company, using wire communications and national securities exchanges.

(Title 18, United States Code, Section 1349.)

### COUNTS THREE and FOUR
(Securities Fraud)

The United States Attorney further charges:

13. The allegations contained in Paragraphs 1 through 6 and 9 of this Information are repeated and realleged as though fully set forth herein.

14. From in or about July 2010 through in or about April 2014, in the Southern District of New York and elsewhere, MICHAEL MACIOCIO, the defendant, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and

omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, on the basis of material, non-public information obtained from his employer, MACIOCIO caused the following securities transactions to be executed on or about the dates listed below:

| Count | Order Dates | Transactions |
| --- | --- | --- |
| 3 | July 2, 2010- April 2, 2012 | Purchases of approximately 24,200 shares of Ardea |
| 4 | March 27, 2014 - April 25, 2014 | Purchases of approximately 3800 shares of Furiex |

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

**FORFEITURE ALLEGATION**

19. As a result of committing one or more of the offenses alleged in Counts One through Four of this Information, MICHAEL MACIOCIO, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses.

## Substitute Assets Provision

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981; Title 28, United States Code, Section 2461; Title 15, United States Code, Sections 78j(b), 78n(e), and 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5, 240.14e-3(a), and 240.14e-3(d); and Title 18, United States Code, Section 2.)

*[signature]*
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MICHAEL MACIOCIO,

Defendant.

**INFORMATION**

16 Cr.

(15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. §§ 240.10b-5;
and 18 U.S.C. § 2, 371 and 1349, )

PREET BHARARA
United States Attorney.

*[Handwritten notations by Judge]*