UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,          :

          - v -                    :

MICHAEL MACIOCIO,                  :

                                   :

          Defendant.

- - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/20/16

SEALED AFFIRMATION AND
APPLICATION

 16 CRIM 351

          AIMEE HECTOR hereby affirms, under penalty of perjury and
pursuant to Title 28, United States Code, Section 1746, as follows:

          1.   I am an Assistant United States Attorney in the office
of Preet Bharara, United States Attorney for the Southern District
of New York, and I am familiar with this matter.  By this affirmation,
the Government applies for an order of the Court (1) sealing the
transcript of the defendant's guilty plea, the Information, the plea
agreement between the parties, and this application and accompanying
proposed order; and (2) delaying docketing of any items related to
this case until further order by this Court.

          2.   Beginning in or about January 2016, the defendant
began actively cooperating with the Government, participating in
proffer sessions during which he has disclosed his criminal
activities.  In the course of those sessions, the defendant has
provided the Government with detailed information concerning the
criminal activities of associate ("CC-1"), who is still at liberty.

CC-1 does not know of the defendant's cooperation.   The defendant's information has proven reliable and been corroborated by law enforcement investigation.

3.   The defendant is currently prepared to enter a guilty plea to a four-count Information pursuant to a cooperation agreement with the Government.   All of the counts arise from the defendant's criminal conspiracy with CC-1.   Should the fact or transcript of the defendant's guilty plea, the fact that he is cooperating with the Government, or the contents of the Information to which he is pleading guilty become known to CC-1, there are reasonable grounds for concern that the continuing investigation against CC-1 could be compromised and that CC-1 could become a fugitive from justice.

4.   The Government anticipates that information provided by the defendant is likely to be presented to a grand jury in this District in the near future, for purposes of obtaining an indictment against CC-1.

5.   Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to, among other things, further ongoing law enforcement efforts, including grand jury investigations.   *See United States* v. *Cojab*, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); *United States* v. *Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing

cooperation); *see also* Fed. R. Crim. P. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "plea agreements indicating cooperation").  The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed.  *See United States* v. *Alcantara*, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

6.    Compelling law enforcement interests support an order directing that filings and other docket entries in this case be made under seal.  Exposure of the defendant's cooperation would hinder law enforcement officials' ability to continue their investigation of CC-1, and ultimately arrest CC-1, without his knowledge that the defendant is cooperating against him.  An order sealing the transcript and the defendant's Information and cooperation agreement, and delaying all docket entries in the above-captioned case would greatly reduce the risk that the defendant's ongoing cooperation with the Government will be exposed.

7.    The defendant's cooperation (and the charges against him) will not be kept sealed indefinitely, however.  The Government anticipates that, once CC-1 has been arrested, the defendant's cooperation will be publicly disclosed.  Accordingly, at such time, the Government will inform the Court of that development and move this Court for an order unsealing the filings of this case, and

docketing the previously un-docketed entries.  In any event, the Government will provide the Court with an update with respect to these matters no later than six months' time from the date of the requested order, and every six months thereafter until the sealed matters are unsealed and the un-docketed items are docketed.

8.   Accordingly, the Government requests all filings and other docket entries in the above-captioned case, including this affirmation and any order issued in connection with it, be filed under seal, and that no docket entries be made in this matter until further order of the Court.  No prior request for the relief set forth herein has been made, and defense counsel has consented to this application.


Dated:     New York, New York
           May 20, 2016


                         _____
                         AIMEE HECTOR
                         Assistant U.S. Attorney
                         Southern District of New York
                         (212) 637-2203